**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

In the Matter Of:                                                         Case No.: 9-12-mp-00003-BSS
**ATTORNEY WILLIAM G. WHITCOMB,**

                                                                                       **Miscellaneous Proceeding**

**DONALD F. WALTON**
**UNITED STATES TRUSTEE FOR REGION 21,**

      Movant,

v.

**ATTORNEY WILLIAM G. WHITCOMB,**

      Respondent.

_____/

**MEMORANDUM OPINION and ORDER**

      This matter comes before this Court in this miscellaneous proceeding on the United States Trustee's Omnibus Motion For Examination Of Services Rendered And Fees Paid To William Whitcomb (the "Omnibus Motion"). William G. Whitcomb appeared for himself (the "Attorney") and Trial Attorney J. Steven Wilkes appeared on behalf of the United States Trustee for Region 21.

      The issues presented in this miscellaneous proceeding concern whether the Attorney violated either the no-look, soup-to-nuts presumptive compensation order, (the "No-Look Order"), currently governing Chapter 13 compensation, or the order establishing duties entered in each Chapter 13 case, (the "First Day Order"), in the Fort Myers division of this Court by seeking and/or collecting: (1) undisclosed compensation; (2) undisclosed costs; (3) post-petition fees and costs not authorized by the court; and (4) fees or expenses in excess of those permitted to be charged to Chapter 13 debtors by the No-Look Order and First Day Order. Therefore, the issues raised in this miscellaneous proceeding arise from the confluence of three matters, this Court's No-Look Order,

1

this Court's First Day Order, and the Attorney seeking post-petition compensation of fees and expenses directly from his debtor-clients in Chapter 13 cases.

The portion of this Court's No-Look Order that applies in this miscellaneous proceeding states that:

> After the petition is filed, a debtor's attorney may not request cash or in any way condition providing any services to the debtor on a cash payment for any post-petition services…

*See* No-Look Order, Admin Order FTM-2010-1, pg. 3, para. 6. This Court's First Day Order is also applicable to this miscellaneous proceeding, and in relevant part provides that:

> <u>Attorney's Fees</u>. Consistent with Rule 2016(b), the Debtor's attorney must file supplemental disclosures for all payments received from the Debtor after this case is filed. Failure to file the required disclosures may result in the disgorgement of fees paid. Pursuant to Rule 2016(b), a pre-petition retainer paid to counsel for the Debtor, whether received from the Debtor or other person for the benefit of the Debtor, must be disclosed in writing to the Court and to the Trustee. No post-petition fees or expenses may be taken or requested directly from the Debtor (whether from the Debtor or other person for the benefit of the Debtor), unless said fees are paid through the Plan, except for post-confirmation payments deposited into an attorney's trust account and held in that trust account pending order of the Court, after written notice to the Trustee and other parties in interest. The Debtor's counsel must assist the Debtor in all matters related to this case unless the Court allows withdrawal of counsel from the case. The Debtor's counsel shall not withhold legal advice or assistance of any kind from the Debtor for lack of payment.

*See* First Day Order, *e.g., In re Fraser*, 9:10-bk-26493-BSS, Doc. No. 10, pg. 5, para. 12, entered November 9, 2010. This Court enters a First Day Order, in substantially similar format, in every Chapter 13 case.

The Parties have conducted and concluded discovery and have presented stipulated facts as contained in this Memorandum Opinion and Order. This Memorandum Opinion and Order includes this Court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, made applicable by Federal Rule of Bankruptcy Procedure (Fed.R. Bankr. P.) 7052.

The Attorney has expressly consented to jurisdiction by this Court for the entry of final orders and judgments by this Bankruptcy Court and has waived any appeal from these proceedings.

### *Stipulated Findings of Fact*

The Attorney practices bankruptcy law on behalf of consumers. For approximately twenty six (26) years, the Attorney has actively provided bankruptcy representation services to his clients in cases commenced under Chapters 7 and 13. This miscellaneous proceeding encompasses all Chapter 13 cases commenced by the Attorney on behalf of his debtor-clients during the time period of January 2007 through March 2012 (the "Cases").[1] In the Cases, the Attorney filed his disclosures of attorney compensation statements. Additionally, the debtors filed statements of financial affairs and Chapter 13 plans in the Cases. These filings all constitute judicial admissions. *See* Fed. R. Bankr. P. 1008, 2016; 11 U.S.C. §§ 329, 521; and 28 U.S.C. § 1746. Together these filings form the evidentiary foundation for this miscellaneous proceeding. It is from these filings, together with the discovery responses from the Attorney through which the Parties presented this Court with the stipulated findings of fact evidenced in this Memorandum Opinion and Order.

The United States Trustee asserts through his Omnibus Motion and the memorandum in support thereof that the Attorney has "failed to fully and completely disclose payments of all fees and expenses." Specifically, the United States Trustee alleges that the Attorney has "requested additional compensation post-petition from bankruptcy debtors and has accepted additional compensation post-petition from bankruptcy debtors, all without disclosure, notice, application, opportunity for hearing, or order approving additional compensation." The United States Trustee also asserts that the Attorney has "failed to fully and accurately disclose all pre-petition payments as

---

[1] This miscellaneous proceeding does not address any of the Respondent's filings originally commencing cases under Chapter 7.

well as failed to provide supplemental disclosure of all post-petition request[s] for compensation made directly to the debtor and receipt of payment thereof."

With respect to the Attorney's seeking and collecting post-petition fees for compensation for services or reimbursement of expenses, discovery established that if amendments to a debtor's Chapter 13 schedules, statements, or plan were required, the Attorney would notify the client of such needed corrections and offer to make those corrections for a fee. The case which initiated the United States Trustee's Omnibus Motion in this miscellaneous proceeding evidences this practice.

The Attorney filed a joint Chapter 13 voluntary petition for his clients, Richard and Patricia Fraser, on October 31, 2010. *See In re Fraser*, 9:10-bk-26493-BSS. The Attorney's disclosure of attorney compensation in the *Fraser* case did not disclose the complete fee agreement regarding the Attorney's intent or ability to seek or obtain additional post-petition fees or expenses directly from the Debtors. The meeting of creditors was conducted and the Chapter 13 Standing Trustee, Jon Waage (the "Chapter 13 Trustee"), required amendments to the schedules, statements, and plan. On January 6, 2011, the Attorney sent correspondence to the Frasers regarding preparation of the necessary amendments. The correspondence stated that the amendments would cost an additional $225, and that "this change will be done upon receipt of payment." The amended papers were not filed until May 18, 2011.

There were other cases in which the Attorney sought additional post-petition fees to file amendments to schedules, statements, or plans, and for conversion from Chapter 13 to Chapter 7. The post-petition fees sought by the Attorney were in excess of this Court's filing fees associated for any schedule amendments, *see* 28 U.S.C. § 1930, so they constituted both compensation for services as well as reimbursement for expenses.

It is unclear from discovery whether the Attorney actually received much of the post-petition fees which he sought from his Chapter 13 debtor clients.  This is unclear because the payments, if any, in some cases, would have been made in cash.  Payments, if any, were not made directly to the Attorney or the Attorney's office, but instead any payments were made to a paralegal who is no longer employed by the Attorney.  These payments were sometimes left at the paralegal's home in a box with the requisite amendments to be prepared.  Therefore, if any post-petition payments were made, there are not payment receipts, cancelled checks, or other forms of proof of payment.  Because the Attorney's office was not receiving the payments, his bookkeeping records offer little proof of receipt of post-petition payments directly from a client.  The means or receipt of payment are beyond the scope of this proceeding and will not be addressed by this Court.

The discovery conducted by the Parties revealed that the Attorney has, on at least five separate occasions, sought post-petition additional fees from Chapter 13 debtors.  Discovery also revealed that the Attorney has converted 34 cases from Chapter 13 to Chapter 7.  In the converted cases, pre-conversion the Attorney would generally have requested additional post-petition fees to prepare and file the conversion papers.  The Attorney would have generally sought fees of $495 to handle the conversion from Chapter 13 to Chapter 7, which would have included expenses such as court filing fees.  Again, it is unclear what, if any, funds were received by the Attorney under these post-petition requests for additional fees.

Through his Omnibus Motion, the United States Trustee seeks orders requiring the Attorney to "reduce and refund fees received in excess of that disclosed or approved by this Court as well as sanctions appropriate to these matters in order to deter future non-compliance with these statutory requirements."  The United States Trustee is not clear regarding whether he is requesting that the Attorney's compensation be partially or totally denied.

*Legal Analysis*

Under § 329(a) of Title 11 of the United States Code (the "Bankruptcy Code"), an attorney representing a debtor in bankruptcy court has an affirmative duty to fully and completely disclose *all fee arrangements and all payments*, beginning one year before the date of the filing of the bankruptcy petition. Section 329(a) provides, in pertinent part:

> (a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

11 U.S.C. § 329(a). Also, pursuant to Fed. R. Bankr. P. 2016(b), any payment to a debtor's attorney for fees or costs must be disclosed:

> (b) **Disclosure of compensation paid or promised to attorney for debtor** Every attorney for a debtor, *whether or not the attorney applies for compensation*, shall file and transmit to the United States trustee within 14 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code, including whether the attorney has shared or agreed to share the compensation with any other entity. The statement shall include the particulars of any such sharing or agreement to share by the attorney, but the details of any agreement for the sharing of the compensation with a member or regular associate of the attorney's law firm shall not be required. **A supplemental statement shall be filed and transmitted to the United States trustee within 14 days after any payment or agreement not previously disclosed.**

*See* Fed. R. Bankr. P. 2016(b) (emphasis added).

After the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, the Attorney, like every other consumer bankruptcy practitioner dealing largely with Assisted Persons, also had to comply with Bankruptcy Code §§ 526-28 which require, among other things, a written fee agreement signed and executed by both the debtor and the attorney. *See* 11 U.S.C. § 528(a)(1-2).

*A. Required Disclosure of All Fees and Expenses: Time Period and Scope of Compensation Must Be Disclosed From One Year Prior to Petition to Closure of Case*

Courts have interpreted § 329(a) and Fed. R. Bankr. P. 2016(b) as requiring the disclosure of ***any*** payment to the debtor's attorney, from one year prior to the filing of the petition to the closing of the case. *See Brake v. Tavormina (In re Beverly Mfg. Corp*.), 841 F.2d 365, 369-70 (11th Cir. 1988); *In re Becker*, 469 B.R. 121, 124-25 (Bankr. M.D. Fla. 2012)("Debtor's attorneys are required to disclose all payments received from, or promised by, their debtor clients, automatically and without reminding."); *In re Whaley*, 282 B.R. 38, 41-42 (Bankr. M.D. Fla. 2002); *In re Century Plaza Associates,* 154 B.R. 349, 352 (Bankr. S.D. Fla. 1992) (Section 329(a) and Fed. R. Bankr. P. 2016(b) "vests the Bankruptcy Court with the authority to review all professional fees paid to the debtor's attorney."). This mandate reflects the Congressional concern that a debtor's transactions with an attorney may present "serious potential for evasion of creditor protection provisions of the bankruptcy laws." H.R. Rep. No. 95-595, at 329 (1977), *reprinted* 1978 U.S.C.C.A.N. 5963, 6285. Transactions a debtor has with an attorney present a "serious potential for overreaching by the debtor's attorney," *id*. – in other words, a "failing debtor" will be tempted "to deal too liberally with his property in employing counsel to protect him in view of financial reverses and probable failure." *See In re Perrine*, 369 B.R. 571, 580 (Bankr. C.D. Cal. 2007) (quoting *Conrad, Rubin & Lesser v. Pender*, 289 U.S. 472, 477-78, 53 S. Ct. 703 (1933)(internal quotations omitted)); *see also Turner v. Davis, Gillenwater & Lynch (In re Investment Banker, Inc.)s*, 4 F.3d 1556, 1565 (10th Cir. 1993). A debtor's transactions with its attorney should therefore be subjected to "careful scrutiny." H.R. Rep. No. 95-595, at 329.

The intent and responsibilities evidenced by these provisions are incorporated into this Court's No-Look Order and First Day Order. These provisions protect the integrity of the bankruptcy system. They enable the monitoring of the debtor-counsel relationship, thereby protecting against overreaching; and assuring against withholding of assets from the estate by

7

making it difficult for a debtor to shield assets by entrusting them with counsel. *See In re Symes*, 174 B.R. 114, 116 (Bankr. D. Ariz. 1994). Section 329 does not only require the disclosure of payments or property transfers, it mandates disclosure of the full and complete fee agreement. *See* 11 U.S.C. § 329(a), Fed. R. Bankr. P. 2016 and 2017.

An attorney is required to "lay bar all of [his] dealings" concerning compensation agreements, payments, property transfers, etc. all made by, for, or on behalf of the debtor so that the court and parties are not forced to "ferret out pertinent information." *In re Saturley*, 131 B.R. 509, 517 (Bankr. D. Me. 1991); *see also, Neben & Starrett, Inc. v. Chartwell Fin. Corp. (In re Park-Helena Corp.)*, 63 F.3d 877, 881 (9th Cir. 1995); *Jensen v. U.S. Trustee (In re Smitty's Truck Stop, Inc.)*, 210 B.R. 844, 848-89 (B.A.P. 10th Cir. 1997); *In re Gay*, 390 B.R. 562, 574 (Bankr. D. Md. 2008)(citing *Park-Helena Corp.*, 63 F.3d at 881). The disclosures must be "precise and complete." *In re Berg*, 356 B.R. 378, 381 (Bankr. E.D. Pa. 2006). In short, "coy or incomplete disclosures" are "less than the full measure of disclosure" required under the Bankruptcy Code and Rules and are unacceptable even if they arise merely as the result of negligence or inadvertence. *Saturley*, 131 B.R. at 517; *In re McTyeire*, 357 B.R. 898, 904 (Bankr. M.D. Ga. 2006).

This Court's administrative 'soup to nuts Chapter 13 compensation' No-Look Order, does not: alleviate this Court of its responsibility to review a debtor's transactions with its attorneys; or excuse debtor's counsel from providing a complete and accurate disclosure. "The disclosure system functions properly only when debtors' attorneys automatically and voluntarily, without prompting from this Court or a party in interest, disclose all [agreements with and] payments received from their clients." *In re Hackney*, 347 B.R. 432, 442 (Bankr. M.D. Fla. 2006).

*B. The No-Look Order, "No Look Fee," and the First Day Order*

A no look fee is a flat fee, usually adopted within a district by local rule or guideline, which permits counsel in a Chapter 13 case to receive a specific fee for a defined bundle of services without the requisite necessity of: (1) maintaining contemporaneous hourly time records; and (2) filing a fee application and giving notice under § 330 of the Bankruptcy Code and Fed. R. Bankr. P. 2002 and 2016. Cossitt, James L., *Chapter 13 No Look Fees,* American Bankruptcy Institute, Proceedings of 28th Annual Spring Meeting, at 1121. *See generally* Professor Price *"No Look" Attorneys' Fees and the Attorneys who are Looking: An Empirical Analysis of Presumptively Approved Attorneys' fees in Ch. 13 Bankruptcies and a Proposal for Reform,* 20 ABI Law Rev. 291 (an analysis of no-look orders conducted on a national level). It appears that the applicable provisions of the No-Look Order and First Day Order have become a source of confusion and, more recently, a matter of contention in cases and pending miscellaneous proceedings. For background, some history of the Orders is provided.

The United States Bankruptcy Court, Middle District of Florida, Tampa Division, initially entered the first No-Look Order in on August 31, 2007, jointly by Judges Williamson, McEwen, Glenn and May, after a full-day evidentiary hearing conducted on July 13, 2007. *See*, 8:07-mp-00002-MGW, (the "Tampa Order"). The Tampa Order set forth a "soup to nuts" no-look Chapter 13 attorney compensation structure, which follows the "*Newman* Procedures,"[2] for determining presumptively reasonable compensation for professionals in Chapter 13 cases. This order allowed attorneys representing Chapter 13 debtors to "collect an additional pre-petition amount for the following expenses: the statutory filing fee and any fee charged by a third-party provider for credit counseling and the education course required by BAPCPA." Compensation for "extraordinary

---

[2] The *Newman* Procedures derive from *Newman v. Barnett*, Nos. 00-06154-8W3, 01-12534-8W3, 2003 WL 751327, *4-6 (Bankr. M.D. Fla. 2003), a case that discusses "presumptively reasonable" fees in Chapter 13 bankruptcy cases.

matters" required a separate fee application. Attorneys in the Fort Myers division operated under the Tampa Order until 2010.

In 2010, Judge Paskay for the Fort Myers Division of the Middle District of Florida, adopted the findings of the August 31, 2007 Tampa Order, with slightly modified terms, and entered the No-Look Order. *See* Admin. Order FTM-2010-1. Subsequently, Judge Adams for the Fort Myer Division entered an Amended No-Look Order to provide for recovery of "a la carte" compensable items. *See* Admin. Order FTM-2010-2.[3] The No-Look Order provides for a flat fee for compensation of services and the reimbursement of expenses associated with the filing fee, credit counseling and financial management courses.

A First Day Order is entered in every Chapter 13 case in the Tampa and Fort Myers Divisions. The First Day Order prohibits a debtor's attorney from seeking or collecting any fees or costs post-petition from or on behalf of a Chapter 13 debtor. Neither Order provides an exception to the prohibition in the First Day Order.

The No-Look Order states clearly what an attorney may seek and collect from or on behalf of the debtor. Likewise, the No-Look Order and the First Day Order are both clear that nothing may be sought or collected directly from or on behalf of the Debtor post-petition. Further, the First Day order is unambiguous in prohibiting an attorney representing a Chapter 13 debtor from withholding any legal advice or assistance due to a lack of payment. There is a lack of clarity in

---

[3] The No Look Order, as Amended generally provides for the following:
1. A presumptively reasonable fee of $3,000 regardless of the length of the Chapter 13 plan;
2. A $275 - $375 fee for certain "a la carte" motions, depending on whether a hearing is required (e.g., motion to amend or modify a plan);
3. Utilization of the lodestar method and contemporaneously kept time records as discussed in *Newman*, *supra*, only if the matter is an "extraordinary" matter;
4. Payment procedures to attorneys following the filing of the petition;
5. Payment procedures for payments to creditors pursuant to the Chapter 13 plan;
6. Authority for parties in interest to seek to disgorge excessive fees; and
7. Authority for parties, including the Chapter 13 Trustee, to object to fees despite presumptive reasonableness.
*See* No Look Order, at pp. 1-5, and Amended No Look Order, at p. 2.

10

these orders regarding post-petition actual and necessary court filing fee expenses for amendments and conversions.

A practitioner may deviate from compliance with the No-Look Order by maintaining contemporaneous time records, preparing, filing and serving fee applications, and establishing the entitlement to compensation and reimbursement at a hearing. However, a practitioner is not free to deviate from the No-Look Order by seeking or collecting undisclosed additional fees, regardless of whether they are from pre-petition or post-petition.

### *Conclusions*

This Court concludes that the Attorney should have fully and completely disclosed his intent and ability to seek and obtain post-petition additional fees from the debtors on his original disclosure of attorney compensation under Bankruptcy Code § 329 and Fed. R. Bankr. P. 2016(b). Had the Attorney initially disclosed such information, the Chapter 13 Trustee may have objected to the provisions of the fee agreement under §§ 329(a) and 526-28 as being in contravention of this Court's No-Look Order or First Day Order.

Each time the Attorney actually requested additional fees directly from a Chapter 13 debtor, the Attorney should have filed a supplemental disclosure of attorney compensation under § 329 and Fed. R. Bankr. P. 2016(b). When the Attorney actually received any post-petition additional fees directly from a Chapter 13 debtor, the Attorney should have filed an additional supplemental disclosure of attorney compensation. These disclosures are intended to provide a coherent, cohesive, and consistent disclosure of the transactions, property transfers, and payments mandated by the Bankruptcy Code and Rules. Had the Attorney complied with these obligations under §§ 329(a) and 526-28, the Chapter 13 Trustee may have objected to the Attorney's post-petition transactions with a Chapter 13 debtor as being in contravention to this Court's No-Look Order or

First Day Order. Due to the Attorney's non-compliance with the disclosure requirements, though, no notice or court approval occurred in cases in which the Attorney represented debtors, and the Parties are now appearing in this miscellaneous proceeding. Instead of hearing, 'you cannot do it that way,' the Attorney is now having to hear that 'you should not have done it that way.' The tense of the verbs changes the posture of the issues before this Court, to the detriment of the Attorney.

This Court agrees with the United States Trustee's position that that all post-petition agreements, payments, or property transfers, made by or on behalf of a debtor to an attorney, for whatever nature or purpose, must be disclosed if they had not previously been fully and completely disclosed.[4] This Court expressly rejects the proposition that the lack of space for disclosing expenses on AOC Form B203[5] is a license not to disclose sums charged to or collect from or on behalf of debtors. It is relatively simple to provide a coherent, cohesive, and consistent disclosure of agreements and compensation in compliance with Fed. R. Bankr. P. 2016(b) and 2017(b), that fully and accurately details these charges.

There are two basic categories of non-disclosure by the Attorney for his post-petition transactions with debtors. First, there are cases in which the Attorney sought fees for compensation for services for conversion or for amendments, neither of which were disclosed. In seeking additional post-petition fees from the debtor, the Attorney acted contrary to both the No-Look Order as well as the First Day Order.

Second, there are cases in which the Attorney sought and collected court filing fees for filing amendments or for case conversion. Again, the Attorney's collection of the reimbursement of these expenses is contrary to both the No-Look Order as well as the First Day Order. However, this

---

[4] Payment distributions to debtors' counsel from the Chapter 13 Trustee under the provisions of a confirmed Chapter 13 plan generally need no supplemental disclosure unless there has been a new undisclosed agreement regarding the same.
[5] Form B203 is not an Official Form promulgated by the Judicial Conference under Fed. R. Bankr. P. 9009, but rather a court administrative form provided by the Administrative Office of the Courts.

Court concludes that although both actions by the Attorney are contrary to the letter of the existing orders, only one is contrary to both the letter and the intent of the No-Look and First Day Orders.

### A.  Post-Petition Collection of Actual and Necessary Court Filing Fees for Amendments or Conversions

The Attorney's collection from a debtor for reimbursement of actual court filing fees is contrary to the letter, but not to the intent, of the No-Look and First Day Orders.  However, the Attorney failed to provide sufficient supplemental disclosure of such collection under § 329(a) and Rules 2016(b) and 2017(b).  This non-disclosure would normally be of concern to this Court for three reasons.

First, when a Chapter 13 debtor incurs additional court fees, an administrative cost burden may be created upon the bankruptcy estate, a burden that needs to be monitored by this Court and the Chapter 13 Trustee.

Second, an attorney representing a Chapter 13 debtor may use amendments as an impermissible profit center.  A lawyer may surreptitiously charge a debtor an excessive 'court filing fee' or 'case monitoring fee,' thereby creating a profit center in 'reimbursable expenses.'  This is why supplemental disclosure is mandated, to provide this Court and the trustee with sufficient information to determine whether additional investigation is required.

Third, when amendment filings become routine for a practitioner, this Court and the Chapter 13 Trustee justifiably become concerned with whether the lawyer is conducting adequate pre-petition investigation and inquiry into the debtors' financial condition and affairs surrounding the circumstances giving rise to the commencement of the Chapter 13 case.

### B. Post-Petition Request for or Collection of Additional Fees Directly from, or on behalf of, the Debtor

By requesting post-petition additional fees from a Chapter 13 debtor to prepare amendments or convert a Chapter 13 case, the Attorney violated both the No-Look and First Day Orders. These Orders are meant to provide Chapter 13 practitioners with a streamlined administrative process with respect to their compensation for services and reimbursement of expenses, as well as review of those services and fees. The No-Look Order is intended to provide a Chapter 13 practitioner with a total package of compensation that fairly reimburses the attorney's services and actual expenses. However, lawyers should not be permitted to gain a competitive edge and advantage in the bankruptcy marketplace by their disregard of this Court's administrative orders.

### C. Withholding or Conditioning Attorney Services Post-Petition on Receipt of Additional Undisclosed Payments

More troubling than his seeking additional fees post-petition is that the Attorney notified his client that such services will be withheld until the Attorney has been paid post-petition additional fees. Such action by the Attorney is in conflict with the No-Look and First Day Orders and the minimum level of responsibility owed to the Attorney's clients. The First Day Order specifically states that: "Debtor's counsel shall not withhold legal advice or assistance of any kind from the Debtor for lack of payment." The No-Look Order provides that: "a debtor's attorney may not . . . in any way condition providing any services to the debtor on a cash payment for any post-petition services."

By requesting undisclosed additional post-petition fees, and conditioning services on pre-payment, the Attorney did not comply with this Court's No-Look and First Day Orders. The Attorney believed it was acceptable to seek post-petition compensation from the debtor for amendments and conversions and for reimbursement of expenses, and the Attorney did not

14

demonstrate an intent to violate this Court's No-Look and First Day Orders. However, even without intent, such actions by the Attorney undermine the integrity of the bankruptcy system and this Court's stated goals for its orders.

### D. Disgorgement, Civil Penalties, and Sanctions

This Court addresses the issue of sanctions for the Attorney's actions over the past five years in Chapter 13 cases. An attorney's disclosures under §§ 327(a) and 329(a) are "central to the integrity of the bankruptcy process," the failure to disclose is sanctionable. *In re Andreas*, 373 B.R. 864, 872 (Bankr. N.D. Ill. 2007). An attorney who fails to comply with the requirements of § 329(a) and Rule 2016(b) is subject to "forfeiture of 'any right to receive compensation for services rendered on behalf of the debtor,' and the disgorgement of any funds already paid by the debtor. *McTyeire*, 357 B.R. at 904, *quoting In re Woodward*, 229 B.R. 468, 473 (Bankr. N.D. Okla. 1999); *see also Henderson v, Kisseberth (In re Kisseberth)*, 273 F.3d 714, 721 (6th Cir, 2001); *Franke v. Tiffany (In re Lewis)*, 113 F.3d 1040, 1045 (9th Cir. 1997), *Investment Bankers*, 4 F.3d at 1565; and *In re Fricker*, 131 B.R. 932, 938-39 (Bankr. E.D. Pa. 1991). "The sanctions can include partial or total denial of compensation as well as partial or total disgorgement of fees paid. 'Many courts, perhaps the majority, punish defective disclosure by denying all compensation.'" *Mapother v. Mapother, P.S.C. v. Cooper*, 103 F.3d 472, 477-78 (6th Cir. 1996) (affirming disgorgement of retainer and noting "the courts have denied all fees" where an attorney failed to disclose his fee arrangement pursuant to § 329 and Fed. R. Bankr. P. 2016). *Investment Bankers*, 4 F.3d at 1565 (stating that "an attorney who fails to comply with the requirements of § 329 forfeits any right to receive compensation for services"); *Smitty's Truck Stop*, 210 B.R. at 848 (failure to disclose justifies denial of all compensation).

In a typical bankruptcy case in which debtor's counsel failed to comply with the mandates of §§ 329, 526-28, Fed. R. Bankr. P. 2016 and 2017, the case law cited above would provide a solid foundation for this Court to disgorge all fees paid and deny all future compensation as a sanction.

This is not a typical bankruptcy case; this is a miscellaneous proceeding subsuming over 600 Chapter 13 cases filed over a period of five years. A general concept of sanction may prove punitive in application. A general concept of sanction for failure to comply with statutory obligations is not wholly applicable in this miscellaneous proceeding because the Attorney failed to comply with his obligations under the Bankruptcy Code and Rules, *and* he violated this Court's No-Look and First Day Orders.

The Attorney may not have willfully intended to violate the No-Look or First Day Orders, but this Court must apply a test that does not consider whether the Attorney acted with willful intent. *See Jove Engineering, Inc. v. IRS (In re Jove Engineering, Inc.)*, 92 F.3d 1539, 1555 (11th Cir. 1996); *see also McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191, 69 S. Ct. 497, 499 (1949)("Civil…contempt is a sanction to enforce compliance with an order of the court… Since the purpose is remedial, it matters not with what intent the defendant did the prohibited act.").

Under *Jove Engineering*, a court order is violated upon a showing that: (1) the person knew of the order; and (2) intentionally committed an act in violation of the order, regardless of whether the violator specifically intended to violate the order. *Id*. The Attorney has been operating his Chapter 13 practice under some iteration of the No-Look and First Day Orders since the adoption of these Orders. The Attorney intentionally corresponded with his Chapter 13 debtor-clients and at least sought, if not presumably collected, from Chapter 13 debtors, post-petition additional fees for services associated with preparing, filing, and serving amendments or conversion papers. The action of requesting additional post-petition fees from a Chapter 13 debtor violates this Court's No-Look and First Day Orders, regardless of whether the Attorney ever actually received any additional post-petition fees. The inference created by the Attorney that attorney services would be withheld

pending payment of undisclosed post-petition additional fees violates this Court's No-Look and First Day Orders.

There are three factors that weigh in favor of mitigation for the Attorney. First, the Attorney has been forthright, providing this Court and the United States Trustee with his full cooperation. Second, the Attorney's standard fees were less than the maximum fees allowed to counsel under the No-Look Order. Finally, the Attorney agrees that this Memorandum Opinion and Order should be published as an instructive and remedial means to the practicing bar. The publication of this Memorandum Opinion and Order provides its own public reprimand of the Attorney's actions, inactions, and omissions. After weighing the factors, this Court finds and concludes that the Attorney did not: exercise a willful intent to deceive; intentionally seek to circumvent the No-Look Order or First Day Orders; or commit any intentional unethical conduct in regards to the issues specifically raised in this miscellaneous proceeding.

Therefore, this Court finds and concludes that the disgorgement of $13,955.00 (the "Disgorged Sum") as civil penalties under §§ 329 and 526, which approximates all of the undisclosed post-petition additional fees which the Attorney sought post-petition from his Chapter 13 debtor-clients, is appropriate because the Attorney violated this Court's No-Look and First Day Orders in numerous cases. This Court finds and concludes that such disgorgement and sanction: is warranted under these facts; is not so burdensome as to be punitive; deters future non-compliance; ensures the integrity of the bankruptcy system; and maintains and provides clear notice of a fair and reasonable process for all practitioners. The Attorney shall transfer the Disgorged Sum to the Chapter 13 Trustee within thirty days of entry of this Memorandum Opinion and Order and a separate Judgment.

The Disgorged Sum is to be paid in lump sum to the Chapter 13 Trustee's office who is directed to disburse the Disgorged Sum as follows: (1) $5,709 to the United States Trustee as civil penalties; (2) $5,250, to approved non-profit pro-bono organization(s) providing legal services to consumers in the Fort Myers Division, as agreed upon between the Attorney, the Chapter 13 Trustee, and the United States Trustee; (3) $1,600 refunded directly to the debtors in the bankruptcy case of *In re Fraser*, 9:10-bk-26493-BSS; and (4) $1,396 as trustee compensation to the Chapter 13 Trustee in accordance with the intent under 11 U.S.C. §§ 105(a) and 1326. Upon distribution of the above funds and receipt of the cancelled checks, the Chapter 13 Trustee

shall file a report of distributions in this miscellaneous proceeding.

It is so ordered.

**DONE** and **ORDERED** in Chambers on _____September 18_____, 2012.

*/s/ Barry S. Schermer*
_____
**BARRY S. SCHERMER**
**UNITED STATES BANKRUPTCY JUDGE**

Copies furnished to:
Respondent, U.S. Trustee, Chapter 13 Standing Trustee

Westlaw®
Lexis®
Approved as to form:

Donald F. Walton
U.S. Trustee for Region 21

By: /s/ J. Steven Wilkes
Trial Attorney (Ala. Bar. No. WIL-278)
U.S. Department of Justice
Office of U.S. Trustee, Region 21
501 East Polk Street, Suite 1200
Tampa, Florida 33602
(813) 228-2000

_____
William G. Whitcomb
2016 Bayside Parkway
Fort Myers, Florida 33901
(239) 334-7700